# EXHIBIT "B"

1 CIT/ ESERVE

Case 3:21-cv-02915-X   Document 1-5   Filed 11/19/21   Page 2 of 8   PageID 18

FILED
9/7/2021 2:48 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Nikiya Harris DEPUTY

CAUSE NO. DC-21-12536 _____

| | | |
|---|---|---|
| SARAH NWABUEZE<br>*Plaintiffs,*<br><br>v.<br><br>TREVOR TOZER<br>AND TRANSAM TRUCKING INC.<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br><br>DALLAS COUNTY, TEXAS<br><br><br>192nd<br>\_\_\_\_\_ JUDICIAL DISTRICT |

**PLAINTIFFS' ORIGINAL PETITION,
REQUEST FOR DISCLOSURE AND RULE 193.7 NOTICE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SARAH NWABUEZE, (Plaintiff), complaining of TREVOR TOZER and TRANSAM TRUCKING INC, ("Defendants"), and would respectfully show the Court the following:

**DISCOVERY LEVEL**

1.  Plaintiff intend to conduct discovery under Level II of the Texas Rules of Civil Procedure 190.4.

**REQUEST FOR DISCLOSURE**

2.  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are required to disclose the information and material described in Rule 194.2 within thirty (30) days after the filing of the first answer or general appearance.

**PARTIES**

3.  Plaintiff is a resident of the State of Texas.

4.  Defendant, Trevor Tozer ("Defendant Tozer"), is a resident of the State of Indiana and may be served with process at his home located at 6008 Moeller Road, Fort Wayne, Indiana 66062 or wherever he may be found.

1

5. Defendant, Transam Trucking Inc. ("Defendant Transam"), is a company doing business in the state of Kansas. Defendant Transam may be served with process through its registered agent, SBLSG Registered Agent, LLC, 9001 West 110th Street, Suite #230, Overland Park, Kansas 66210.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Defendants because Defendants have in the past and continue to do business in Texas, have continuing contacts with the State, and are amenable to service in the State of Texas. The amount in controversy exceeds the minimal jurisdictional limits of the Court.

7. Venue is proper in Dallas County, Texas because it is the county in which all or a substantial part of the events giving rise to the claim occurred. Tex. Civ. Prac. & Rem. Code Ann.§15.002(a)(1).

## FACTS

8. On or about September 12, 2019, in the 1600 block of North Cockrell Hill Road in Dallas, Dallas County, Texas, plaintiff Nwabueze was passenger in a 2014 Silver Nissan Sentra. Defendant Tozer was driving a 2020 Black Kenworth T680 TT while working for Defendant TRANSAM TRUCKING INC. Defendant Tozer made an improper turn and collided with Plaintiff. This occurred suddenly and without warning to the plaintiffs. As a result of this collision, plaintiffs sustained serious personal bodily injuries.

## NEGLIGENCE OF DEFENDANT TOZER

9. Defendant Tozer had a duty to exercise ordinary care and operate the motor vehicle reasonably and prudently on the day of the incident that made the basis of this lawsuit. Defendant Tozer breached his duty in one or more of the following ways:

2

      a.      Failing to maintain a proper lookout;

      b.      Failing to timely apply the brakes;

      c.      Failing to turn the vehicle to avoid the collision; and

      d.      Failing to maintain a safe distance from the motor vehicle directly in front of him.

Defendant's acts and omissions were a proximate cause of plaintiffs' injuries.

## RESPONDEAT SUPERIOR

10. Defendant TRANSAM TRUCKING INC. is liable for the torts committed by its employees during the course and scope of their employment. Defendant TRANSAM TRUCKING INC. employees while acting within the course and scope of their employment (and in furtherance of Defendant TRANSAM TRUCKING INC. business), had a general duty to exercise reasonable care in performing their work. Defendant TRANSAM TRUCKING INC. employee, however, failed to exercise the requisite standard of care under the circumstances. As a result, Defendant TRANSAM TRUCKING INC. is liable for injuries sustained by plaintiff.

## NEGLIGENT ENTRUSTMENT

11. Defendant TRANSAM TRUCKING INC. was the owner of the motor vehicle that caused the incident that made the basis of this lawsuit and permitted Defendant Tozer, a reckless driver, to operate its motor vehicle for its benefit. Defendant TRANSAM TRUCKING INC. knew or should have known that Defendant Tozer was unlicensed, incompetent and/or reckless. On the date at issue, Defendant Tozer was negligent and proximately caused the incident that made the basis of this lawsuit and Plaintiffs' injuries. As a result of Defendant TRANSAM TRUCKING INC. negligent entrustment of its motor vehicle to Defendant Tozer, plaintiff suffered serious bodily injuries.

## DAMAGES OF SARAH NWABUEZE

12. Plaintiff individually seeks monetary damages over $200,000 but not more than $1,000,000 and demands a judgment for all other relief to which Plaintiff may show herself to be entitled. Plaintiff suffered the following damages and asks to be fairly and reasonably compensated for each:

    a.    The amount of reasonable medical expense Plaintiff has incurred in the past, and those that they will reasonably incur in the future;

    b.    The physical pain and suffering Plaintiff has suffered in the past and will continue to suffer in the future;

    c.    The mental anguish Plaintiff has suffered in the past and will continue to suffer in the future;

    d.    The loss of enjoyment of life Plaintiff has suffered in the past and will continue to suffer in the future;

    e.    The physical disfigurement Plaintiff has suffered in the past and will continue to suffer in the future;

    f.    The physical impairment Plaintiff has suffered in the past and will continue to suffer in the future;

    g.    The loss of opportunity Plaintiff has suffered in the past and will continue to suffer in the future;

    h.    The loss of any earning sustained by Plaintiff in the past, and the loss of reduction of Plaintiff's earning capacity in the future; and

    i.    Any lost wages.

## PRESERVATION OF EVIDENCE

13.     Plaintiffs' hereby request and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident that made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes; audiotapes; recordings; business and medical records; estimates; invoices; checks; measurements; inspections of the vehicle; any vehicle; or the scene; and item which has been removed from any vehicle or portion of vehicle which was involved in the incident; correspondence; memoranda; files; facsimiles; email; voice mail; text messages; investigation; cellular telephone records; calendar entries; and any electronic images, date, or information related to Defendants, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute spoliation of the evidence.

## RULE 193.7

14.     Pursuant to 193.7 of the Texas Rules of Civil Procedure, plaintiffs' hereby give actual notice to Defendants that any and all documents produced may be used against the Defendants producing the documents at any pretrial proceedings and/or trial of this matter without the necessity of authenticating documents.

## DESIGNATED E-SERVICE EMAIL ADDRESS

15.     The following is the undersigned attorney's designated e-Service email address for all e-served documents and notices, filed, and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: Info@DAGLawFirm.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

5

## PRAYER

WHEREFORE, PREMISES CONSIDERED, for the above reasons, plaintiff prays they obtain judgment against Defendants, jointly and severally, with interest on the judgment at the legal rate, pre-judgment interest, cost of the court and for such other relief, both in law and equity, to which plaintiffs' may show themselves justly entitled.

Respectfully submitted,

**DAG LAW FIRM, P. C.**

By: _/s/ David Aziel Garcia_
David Aziel Garcia
Bar No. 24076395
4101 Washington Ave, 1st Floor
Houston, Texas 77007
Tel: (713) 444-5060
Fax: (844) 544-5060
Email: Info@DAGLawFirm.com

ATTORNEY FOR PLAINTIFF

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

David Garcia on behalf of David Garcia
Bar No. 24076395
INFO@DAGLawFirm.com
Envelope ID: 57011532
Status as of 9/9/2021 10:51 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| DAG Law Firm | | info@daglawfirm.com | 9/7/2021 2:48:22 PM | SENT |